### KLEINSCHMIDT v. SCHROETER.

No. 8662.

Circuit Court of Appeals, Ninth Circuit.

Feb. 7, 1938.

Alfred Sutro, Felix T. Smith, John A. Sutro, Samuel L. Wright, and Charles F. Prael, all of San Francisco, Cal. (Pillsbury, Madison & Sutro, of San Francisco, Cal., of counsel), for appellant.

Rupert B. Turnbull, of Los Angeles, Cal., for appellee.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellee, as trustee in bankruptcy of the estate of B. F. Baum, bankrupt, brought this suit against appellant, as administratrix of the estate of Walter Granger Kleinschmidt, deceased, to require appellant to account for and pay over to appellee moneys alleged to have been received by Kleinschmidt from the sale of Baum's interest in certain property known as the Camp Rock mine. The District Court found that Kleinschmidt had received $10,880 for Baum's interest in the mine and, accordingly, decreed that appellant pay that amount to appellee. This appeal is from that decree. The facts are as follows:

On April 16, 1931, Henry C. Stock and Charles Pohl, owners of the Camp Rock mine, made a written agreement (hereafter called the purchase agreement) with J. W. Sullivan, whereby Stock and Pohl agreed to sell and Sullivan agreed to purchase the mine for a consideration of $21,800, of which $1,800 was to be paid to Emma Heilman, a creditor of Stock and Pohl, within 30 days from the date of the purchase agreement. The balance was to be paid to Stock and Pohl in 20 installments of $1,000 each, payable on the 16th day of each month, commencing with April, 1931. The agreement provided that time was of its essence, and that if Sullivan failed to make any payment called for by the agreement on or before its due date, all his rights should be forfeited, and Stock and Pohl should be released from any obligation to convey the property.

By written assignments to Baum and Kleinschmidt, Sullivan assigned to each of them a one-third interest in all his rights under the purchase agreement of April 16, 1931.

On April 24, 1931, Sullivan, Baum and Kleinschmidt made a written agreement (hereafter called the joint adventure agreement), whereby it was agreed that each of them would furnish and supply, on or before the 15th day of each month in which a

payment under the purchase agreement fell due, one-third of the money required to make such payment. Thus, for the period of 20 months commencing with April, 1931, each of them was obligated to contribute each month the sum of $333.33. The joint adventure agreement further provided that any profits which might be derived from the operation or sale of the mine should be divided and distributed, 26⅔ per cent. to Sullivan, 26⅔ per cent. to Baum, 26⅔ per cent. to Kleinschmidt, and 20 per cent., in equal parts, to eight other persons named in the joint adventure agreement. It further provided: "In the event that any of the said parties fail or refuse to supply his proportion of the required funds, when and as said funds are required as herein set forth, time being the essence of this requirement, then, and in that event, the other parties hereto shall have the right to pay such sums as are required, and in that event, any and all interests owned by said defaulting party in and to said [purchase agreement], or in or to said [Camp Rock mine], shall be deemed forfeited; provided, however, that any and all moneys paid [by said defaulting party] under and by virtue of said agreement shall be repaid to said defaulting party at the rate of five (5) per cent. of any and all profits produced by said property, after said property has been fully paid for, and good and sufficient deed conveying said property shall have been executed and delivered to the other two parties; or in the event of sale of said Camp Rock [mine], said defaulting party shall be paid at the rate of twenty six and two-thirds (26⅔) per cent. of the payment made under said sale until he has received an amount equal to the amount of money which he has supplied under this agreement."

Baum never had any right, title, or interest in or to the Camp Rock mine except his rights under the purchase agreement and the joint adventure agreement above referred to. Of the twenty monthly payments or contributions required of him by the joint adventure agreement, Baum made only five, namely, those falling due in April, May, June, July, and August, 1931. He did not make the payment due from him on September 15, 1931, or any subsequent payment. These payments, which should have been made by Baum, were made by Kleinschmidt.

By failing to make the payment of September 15, 1931, Baum forfeited all his rights under the purchase agreement and the joint adventure agreement, except his conditional right to get back the five payments, aggregating $1,666.65, which he had previously made under the joint adventure agreement. The rights so forfeited by Baum were forfeited to and acquired by Kleinschmidt, who made the payments which Baum should have made. These forfeited rights were never reacquired by Baum.

On September 23, 1931, Baum executed and delivered to Kleinschmidt an assignment reading as follows: "In consideration that Walter G. Kleinschmidt has agreed and does hereby agree to supply one-third (⅓) of the necessary funds to comply with [the purchase agreement] executed on the 16th day of April, 1931, by Charles Pohl and Henry C. Stock, as vendors, and J. W. Sullivan, as purchasers * * * and for other good and valuable consideration, I, B. F. Baum, do hereby assign, transfer and set over unto Walter G. Kleinschmidt, twenty-six and two-thirds (26⅔%) per cent. of all of the right, title and interest of the purchaser, as set forth herein."

The foregoing assignment did not "set forth" any right, title, or interest. Baum, at the time he executed the assignment, had no right, title, or interest in or to the Camp Rock mine, nor any right or rights under the purchase agreement or the joint adventure agreement, except his conditional right to get back the $1,666.65 above referred to. The assignment did not assign or transfer, or purport to assign or transfer, this conditional right. Consequently, Kleinschmidt got nothing by the assignment.

On November 6, 1931, Baum was adjudicated a bankrupt. Thereafter, on a date which the record does not disclose, appellee was appointed as trustee in bankruptcy. Baum had not theretofore assigned, transferred or relinquished his conditional right to the $1,666.65. By operation of law, therefore, this conditional right passed to and became vested in appellee, as trustee in bankruptcy. Bankruptcy Act, § 70(a), as amended, 11 U.S.C.A. § 110(a).

Sullivan did not make the payment due from him on December 15, 1931, under the joint adventure agreement, nor any subsequent payment. These payments, which should have been made by Sullivan, were made by Kleinschmidt. By failing to make the payment of December 15, 1931, Sullivan forfeited all his rights under the purchase

agreement and the joint adventure agreement, except his conditional right to get back the payments, aggregating $2,666.64, which he had previously made under the joint adventure agreement. The rights so forfeited by Sullivan were forfeited to and acquired by Kleinschmidt, who made the payments which Sullivan should have made. These forfeited rights were never reacquired by Sullivan.

By a quitclaim deed dated February 29, 1932, Baum—a then undischarged bankrupt —remised, released, and quitclaimed the Camp Rock mine to Kleinschmidt. Since, as before stated, Baum did not own or have any right, title or interest in or to the Camp Rock mine, Kleinschmidt got nothing by this deed.

Baum was granted a discharge in bankruptcy on April 4, 1932.

Kleinschmidt completed the payments called for by the purchase agreement and acquired title to the Camp Rock mine. Thereafter he sold it to Frank Llewellyn and realized therefrom a profit of $21,760. Thereupon and by reason thereof, appellee's (formerly Baum's) conditional right to the $1,666.65 became an absolute right.

Kleinschmidt, on November 15, 1932, assigned to Baum a one-half interest in his profits from the sale of Camp Rock mine. This assignment was of no interest or concern to appellee. Appellee was interested in Kleinschmidt's profit only to the extent of $1,666.65. That sum, and no more, he was and is entitled to recover from appellant.

The decree is modified accordingly and, as modified, is affirmed.