**In re JACOBY.**

No. 7512.

Circuit Court of Appeals, Third Circuit.

Nov. 30, 1940.

Bernard A. Green, of Jersey City, N. J., for appellant.

William Elmer Brown, Jr., of Atlantic City, N. J., for appellee.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

This case discloses an unseemly controversy between two officers of the District Court appointed to administer two related bankrupt estates.

Andrew Jacoby was adjudicated a bankrupt by the District Court for the District of New Jersey on August 13, 1938, and on October 31, 1938, Murray Fredericks was appointed his trustee by Referee Gaskill, to whom the matter had been referred. As a result of investigations which Fredericks made he learned that Jacoby in 1930 while insolvent had transferred valuable real estate in Atlantic City to a corporation known as Ruandray Realty Company and a tobacco business which he had for many years operated in Atlantic City to a corporation known as House of Jacoby, both corporations having been organized at his instance under New Jersey law. Fredericks accordingly, with leave of Referee Gaskill, filed a bill in the Court of Chancery of New Jersey against Jacoby and a number of his relatives as well as the said two corporations for the recovery of the assets thus transferred. After a four days trial the Court of Chancery entered a decree on March 5, 1940, determining that the said conveyances were made in actual fraud of Jacoby's creditors at a time when he was insolvent and that the said corporations were mere devices to hide said property from his creditors. The decree directed, inter alia, the conveyance by House of Jacoby to Fredericks as trustee in bankruptcy of Jacoby of the said tobacco business with all property and assets owned by it "subject to any rights, if any, which the said creditors of the said defendant, House of Jacoby, may have therein as the same may hereafter be determined by a court or courts of competent jurisdiction."

On March 13, 1940, the defendants in the chancery suit, including House of Jacoby, took an appeal to the Court of Errors and Appeals of New Jersey, which appeal was subsequently argued but has not yet been decided. On March 20, 1940 the Court of Chancery upon the application of Fredericks, the plaintiff in the chancery suit, appointed Ellis Gottlieb receiver of the property which was the subject of that suit to assure the continuance of the status thereof pending the final determination of the appeal. Thereafter an involuntary petition in bankruptcy was filed in the District Court for the District of New Jersey against the corporation, House of Jacoby, which on April 24, 1940, was adjudicated a bankrupt. The matter was thereupon referred to Referee Weelans who appointed Leon Leonard receiver in bankruptcy of House of Jacoby. On May 17, 1940 Leonard petitioned Referee Weelans for an order directing Gottlieb, the receiver in chancery, to turn over to him all property, the legal or equitable title to which was in the bankrupt, House of Jacoby, and also all its books, papers and records. The Referee thereupon granted an order upon Gottlieb to show cause why the petition should not be granted. After this order was served on Gottlieb he and Fredericks presented a petition to the district court asking that Leonard be restrained from further prosecuting the said proceeding which he had instituted against Gottlieb. The district judge granted an order to show cause and upon its return on June 24, 1940, entered an order granting the restraint sought. Leonard thereupon took the present appeal.

The order must be affirmed. It is quite clear that the decree of the Court of Chancery which was entered in the suit instituted by order of the Bankruptcy Court adjudicated as valid and subsisting the title which had been vested by Sec. 70 sub. a of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. a, in Fredericks, as trustee in bankruptcy of Andrew Jacoby, to the property transferred by Jacoby in fraud of his creditors. The decree remained in force pending appeal and the custody of Gottlieb as receiver in chancery was the custody of Fredericks, the plaintiff to whom the property was awarded by the court. Since the property was thus already in the constructive possession of the Bankruptcy Court in the proceeding involving the bankrupt estate of Andrew Jacoby it was entirely unwarranted and improper for another officer of the court, Leonard, to seek to obtain possession of it in any other manner than by direct application to Referee Gaskill in the Andrew Jacoby proceeding. Leonard's action in seeking an order from Referee Weelans was an undue interference by indirect means with the administration of the estate of Andrew Jacoby and was properly enjoined.

It is argued by Leonard that the creditors of House of Jacoby are entitled to its assets in preference to the individual creditors of Andrew Jacoby even though the conveyance was in fraud of creditors.

This question need not be considered now, however. If the decree of the Court of Chancery is affirmed and the assets of House of Jacoby came into the actual possession of Fredericks as trustee of Andrew Jacoby the rights of the creditors of House of Jacoby, if any, may be asserted and recognized in the Andrew Jacoby proceeding. If, on the other hand, the chancery decree is reversed the assets of House of Jacoby may then be properly demanded by Leonard from Gottlieb, the chancery receiver and administered by the district court in the House of Jacoby proceeding for the benefit of its creditors.

It is also urged by Leonard that the order appealed from prevents him from proceeding with the administration of the bankrupt estate of House of Jacoby. Insofar as he is denied possession of its assets this is a necessary consequence of the legal status determined by the chancery decree. But this need not prevent him from examining the books and records of the bankrupt in the possession of Gottlieb as chancery receiver and ascertaining from them the names and addresses of the creditors if necessary for the purpose of enabling preliminary steps to be taken, such as the calling of a first meeting of creditors, the filing of proofs of claim, the election of a trustee and the examination of the officers of the bankrupt. We need only add that in our opinion the confusion disclosed by this record was largely due to the fact that these two related bankruptcy proceedings were referred by the district court to different referees. Their further administration will be facilitated by the rereference of the House of Jacoby proceeding to the referee who already has before him the Andrew Jacoby matter.

The order of the district court is affirmed.