**In re MAGNET OIL CO.**

**ERICKSON v. BRIX ESTATE CO. et al.**
**No. 9650.**

Circuit Court of Appeals, Ninth Circuit.
April 19, 1941.

Joseph J. Rifkind, of Los Angeles, Cal., for appellant.

J. E. Simpson, of Los Angeles, Cal., Earl J. Fenston, of Fresno, Cal., and William M. Maxfield, of San Francisco, Cal., for appellees.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

V. W. Erickson, trustee in bankruptcy of Magnet Oil Company, a corporation (hereafter called Magnet), appeals from an order affirming an order of a referee in bankruptcy allowing the claim of Brix Estate Company, a corporation (hereafter called Brix), Lisenby Estate Company, a corporation (hereafter called Lisenby), H. U. Maxfield and H. H. Welsh against the bankrupt estate for $35,000, with interest.

On May 5, 1938, for a consideration of $10 and "other valuable considerations," appellees (Brix, Lisenby, Maxfield and Welsh) leased to Magnet, for the term of 20 years, certain real property in Fresno County, California. The "other valuable considerations" included five promissory notes executed and delivered by Magnet to appellees on May 6, 1938—one for $4,000, one for $5,000 and three for $10,000 each, all bearing 5% interest from date. The note for $4,000 was paid on May 25, 1938. The others fell due 30, 60, 120 and 180 days after their date, but remained and still remain wholly unpaid.

On March 9, 1939, Magnet was adjudged a bankrupt, and the case was referred to a referee in bankruptcy. Thereafter appellant was appointed trustee. The record

does not disclose the first date set for the first meeting of creditors, but, indulging the presumption that the court followed the statute,[1] we presume that the first date set for such meeting was not earlier than March 19, 1939, nor later than April 8, 1939. On June 29, 1939—well within the time prescribed by statute[2]—appellees' claim for $35,000 was proved and filed.

Appellees' claim was founded on the four last above mentioned promissory notes, copies of which were set out in the proof of claim. The proof stated that Magnet was "justly and truly indebted to [Brix] and the other payees appearing on the * * * notes in the sum of thirty-five thousand * * * dollars." The other payees appearing on the notes were Lisenby, Maxfield and Welsh. The proof was signed and sworn to by Brix's secretary, Earl J. Fenston. Though not signed or sworn to by Lisenby, Maxfield or Welsh, it evidenced a claim which was theirs as well as Brix's.

On September 26, 1939, appellant filed objections to appellees' claim, referring to it as Brix's claim. On November 21, 1939, appellant filed amended objections to appellees' claim, again referring to it as Brix's claim. On February 14, 1940, appellees applied for and, over appellant's objection, obtained leave to file, and did file, an amended proof of their claim. The amended proof was signed and sworn to by Brix's secretary, Lisenby's secretary, Maxfield and Welsh. It was stipulated that the amended objections filed by appellant on November 21, 1939, should "be deemed and considered as objections to the amended claim insofar as applicable." The referee heard the objections, overruled them and allowed appellees' claim. The District Judge affirmed the referee's order. This appeal followed.

Appellant contends that the referee erred in overruling (1) his objection to the filing of appellees' amended proof of claim and (2) his objections to the claim itself.

The grounds of appellant's objection to the filing of appellees' amended proof of claim were "That the payees under the promissory notes are tenants in common and that it was necessary for all of such payees to join in the execution and filing of the original claim, that the execution of the original claim by [Brix] alone was a nullity and of no force or effect, that said original claim could not, therefore, be the basis for the amended claim proposed to be filed, and that the proposed amended claim was in fact a new and original claim being offered for filing subsequent to the six (6) months statutory period within which claims could be filed."

■ There was no merit in the objection. What appellees proposed to file, and did file, on February 14, 1940, was not, as contended by appellant, "a new and original claim." It was merely an amended proof of the claim filed on June 29, 1939. Defects, if any, in the original proof were defects of form only. To cure such defects, amendments are permissible even after the time for filing claims has expired. Hutchinson v. Otis, 190 U.S. 552, 555, 23 S.Ct. 778, 47 L.Ed. 1179; Brown v. O'Connell, 9 Cir., 200 F. 229, 231-234; In re Patterson-MacDonald Shipbuilding Co., 9 Cir., 293 F. 190, 192; Barks v. Kleyne, 8 Cir., 15 F.2d 153, 156; In re Whicker, 5 Cir., 47 F.2d 106, 108; In re Rothert, 7 Cir., 61 F.2d 1, 2; In re International Match Corp., 2 Cir., 69 F.2d 73, 74; Cook v. Union Trust Co., 4 Cir., 71 F.2d 645, 647; In re Prindible, 3 Cir., 115 F.2d 21, 23.

To the claim itself appellant made numerous objections, of which, however, only two are urged here: (1) That the obligation evidenced by the notes on which the claim was founded was a conditional one, in that the notes were to be paid out of the proceeds of a sale of Magnet's stock, and that, as the stock was never sold, the notes never became due or payable; (2) that there was an accord and satisfaction of the obligation by reason of Magnet's executing and delivering to appellees a quitclaim deed to the property which they had leased to Magnet.

■ The referee found it was not true that the notes were to be paid out of a sale of Magnet's stock. The District Judge

---

[1] Section 55, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 91, sub. a, provides: "The court shall cause the first meeting of the creditors of a bankrupt to be held not less than ten nor more than thirty days after the adjudication * * *."

[2] Section 57, sub. n, of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. n, provides: "Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed * * *."

approved the finding and adopted. it as his own. The finding is amply supported by evidence. We accept it, therefore, and reject appellant's contention that the obligation evidenced by the notes was a conditional one.

On September 9, 1938, Magnet executed a quitclaim deed in favor of appellees and proposed that, in consideration thereof, appellees release Magnet from the obligation evidenced by the notes. The proposal was not accepted, but was rejected. Hence, there was no accord and satisfaction. California Civil Code, §§ 1521-1523; Silvers v. Grossman, 183 Cal. 696, 699, 192 P. 534. Nor is it material, if true, that the proposal remained unanswered for more than two months; for appellees were under no duty to answer in two months or at all.

Appellant's final specification is that "the court erred in not ordering that [appellees'] claim should in any event be deferred as to payment * * * and subordinated to the payment of creditors furnishing money, labor and material." The referee was not asked to make any such order. The petition for review prayed "that an order be entered disallowing said claim, or in the alternative, subordinating the same to the payment of claims for money, labor and material;" but the petition did not state, nor does the record here disclose, any fact or facts warranting such an order.

Order affirmed.

