HOWARD R. SANFORD, as Trustee in Bankruptcy of ST. LAWRENCE MARINE REPAIR DOCK CORPORATION, Respondent, *v.* JOHN J. BOLAND, Appellant, Impleaded with Others.

432 

Argued January 8, 1942; decided March 5, 1942.

*David S. Jackson* for appellant. The prior mortgage foreclosure proceedings and the judgment therein bar the maintenance of this action. (*Stephens* v. *Perrine*, 143 N. Y. 476; *Karst* v. *Gane*, 136 N. Y. 316; *Kitchen* v. *Lowery*, 127 N. Y. 53; *Stephens* v. *Meriden Britannia Co.*, 160 N. Y. 178.)

*Louis C. Cohen* for respondent. The mortgage was required to be filed and refiled as a chattel mortgage, and was invalid as a lien upon the personal property of the corporate mortgagor. (*MacDonnell* v. *Buffalo Loan, T. & S. D. Co.*, 193 N. Y. 92; *Stevens* v. *Buffalo R. Co.*, 31 Barb. 590; *Hoyle* v. *Plattsburgh & Montreal R. R. Co.*, 54 N. Y. 314; *Farmers' Loan Co.* v. *Hendrickson*, 25 Barb. 484; *Mendelson* v. *Realty Mortgage Corp.*, 257 Mich. 442; *Matter of Algonquin Electric Co.*, 36 Fed. Rep. [2d] 603; *Adler* v. *Atlas Brick Corp.*, 283 N. Y. 64; *Wiley* v. *Solvay Process Co.*, 215 N. Y. 584; *People* v. *New York Central R. R. Co.*, 24 N. Y. 485; *Marsden* v. *Cornell*, 62 N. Y. 215.) The judgment in foreclosure is not *res judicata* as against the plaintiff and is not a bar to this action. (*Skilton* v. *Dodington*, 185 N. Y. 80; *Matter of Active Wet Wash Laundry Co.*, 8 Fed. Supp. 966; *Matter of Thomas*, 199 Fed. Rep. 214; *Slote* v. *Cascade Holding Corp.*, 276 N. Y. 239; *Jasper* v. *Rozinski*,

228 N. Y. 349; *Schuykill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304; *Russell* v. *St. Mart*, 180 N. Y. 355; *Rotkowitz* v. *Sohn*, 136 Misc. Rep. 265; *Mandeville* v. *Avery*, 124 N. Y. 376.)

RIPPEY, J. In January, 1931, defendants Boland, Playfair and Ross each loaned to the St. Lawrence Marine Repair Dock Corporation $6,500 and each received a promissory note therefor. As security for the payment of such notes, the debtor executed and delivered to those creditors its mortgage on all of its real and personal property. The creditors recovered in part on mortgage foreclosure proceedings. The mortgagor filed a voluntary petition in bankruptcy on March 25, 1936. Plaintiff, as its trustee in bankruptcy, has secured a judgment requiring defendant Boland to account for the fair market value of the personal property covered by the mortgage and sold in the foreclosure action on the sole ground that, since the mortgagees failed to refile the mortgage in the office of the City Clerk of Ogdensburg as required by section 235 of the Lien Law (Cons. Laws, ch. 33), the mortgage was void and Boland wrongfully converted the proceeds of the sale to the use of the mortgagees.

The trial court found upon undisputed evidence that the defendant Boland at no time had any partnership arrangements with Playfair or Ross, that he advanced to the St. Lawrence Marine Repair Dock Corporation $6,500 in cash from his own funds in good faith upon an agreement by the borrower that he should receive as security for his loan a first mortgage lien upon the real estate and personal property of the corporation; that the execution and delivery of the mortgage and of the evidences of the loan underlying it were duly authorized by the stockholders and the money so loaned was in fact used for corporate purposes; that all the real and personal property covered by the mortgage was located in St. Lawrence county, was free and clear of all liens and incumbrances at the time of its execution and delivery and that it was recorded in the office of the Clerk of St. Lawrence county on January 11, 1931; that at no time did the mortgagor pay any interest on the indebtedness

to Boland and on January 2, 1932, the mortgage matured, was in default for failure to pay either principal or interest and such default continued until the commencement and completion of foreclosure proceedings and furnished, with failure to pay taxes as agreed, the basis for such proceedings.

Notice of pendency of the action to foreclose the mortgage was filed and recorded, and the complaint in foreclosure was filed in the Clerk's office in St. Lawrence county on November 29, 1935. Boland, Ross and Playfair were plaintiffs. The mortgagor and all persons having any known interest by way of lien or otherwise were made parties defendant and were duly served with the summons and complaint. In due course, as found by the trial court in this action, a judgment of foreclosure and sale was granted and entered wherein it was found and determined "that said mortgage constituted a valid and subsisting first lien upon the said real and personal property for the amount of the said indebtedness due said defendant Boland, with interest and costs, in addition to the principal and interest due the said Playfair and Ross, in the aggregate amount of $28,907.97, and that the said St. Lawrence Marine Repair Dock Corporation and the other defendants be barred and foreclosed from any further right, title, interest or equity in and to the said property and that the said property be sold in accordance with the directions of the court," etc. It was further found that, pursuant to such judgment, the real and personal property was in due course sold by the referee appointed for that purpose on due notice at public auction on March 4, 1936, " as a whole and in one parcel and lot in accord and conformity with the terms of said judgment, for the sum of $20,000.00 " to Ross, who was the highest bidder, who, on the same day assigned his bid to the Algonquin Paper Corporation, which later paid the bid price in cash and took possession of the property both real and personal, and that the sum bid was the fair and reasonable value of the real and personal property sold. The trial court found that the referee's report of sale and of distribution of the proceeds of sale was duly confirmed and filed on April 24, 1936. It appears from the referee's report that,

after payment of the tax liens and the expenses of foreclosure and sale, there was paid to the attorneys for the plaintiff out of the proceeds of sale the sum of $15,705.95, but the trial court here found that the amount Boland actually received out of the proceeds of the sale of both the real and personal property was $3,575.88.

The trial court further found that Boland commenced and maintained the mortgage foreclosure proceedings in good faith, in the belief that the mortgage constituted a valid first lien upon all of the real and personal property of the mortgagor as described in the mortgage, that he had no knowledge or information that the lien of the mortgage upon the personal property or any part thereof was claimed to be invalid by any creditors of the mortgagor, that he had no interest in the Algonquin Paper Corporation and that "no fraud or collusion is claimed or proved as regards the inception of the mortgage debt or any of the proceedings in the foreclosure and sale."

. The mortgaged property was located principally in the city of Ogdensburg. The mortgage was filed in the office of the City Clerk on January 28, 1931. The mortgagees did not at once take possession of the personal property mortgaged but left it in the hands of the mortgagor. Plaintiff alleged and it has been found and adjudged that the mortgage did not create a lien upon the real and personal property as security for the payment of bonds and consequently was not exempt under section 231 of the Lien Law from the requirement of section 235 for refiling in the City Clerk's office within thirty days next preceding the expiration of one year from January 28, 1931. It was not refiled within that time. Upon that fact alone, it has been determined that the mortgage, so far as it purported to cover personal property, was invalid as to general creditors and that defendant Boland was jointly and severally liable to plaintiff for the fair and reasonable market value of the personal property as of the date it was sold on foreclosure. By an interlocutory judgment, a referee was appointed to fix the value. The Appellate Division has affirmed by a divided court and has certified to us the

question, " Is the plaintiff-respondent entitled to the relief which the interlocutory judgment grants against the defendant-appellant Boland? " We think the question must be answered in the negative as matter of law.

The courts below have held that the bankrupt corporation was bound by the judgment in the foreclosure action, that there was no fraud involved, that there was no preferential transfer, that the foreclosure was regularly conducted, that the purchaser on the sale, the Algonquin Paper Corporation, got good title to both the real and personal property and that the bankruptcy law forbade interference with that judgment. Nevertheless, says the trial court, the plaintiff is vested with all the rights of creditors of the mortgagor and Boland, jointly with the other defendants, must be held liable jointly and severally for the sale price of the personal property since they sold it in the foreclosure action in violation of the rights of creditors and unlawfully converted the proceeds of the sale to their own use. With the background of facts as stated, no authority is cited for any such conclusion and we have found none.

We do not pass upon the question of whether the mortgage was one requiring refiling by the terms of section 235 of the Lien Law to retain its validity as a lien upon the mortgaged personalty. For the purpose of the decision here we may assume that to be the case. Even then, the mortgage was not absolutely void as to general creditors. It was good as between the parties and void only as to judgment creditors or those armed with legal process authorizing seizure of the property (*Button* v. *Rathbone, Sard & Co.*, 126 N. Y. 187). " It was not void as *malum in se* but as *malum prohibitum*. It was valid as to all the world until attacked by a creditor standing upon an attachment or judgment " (*Stephens* v. *Meriden Britannia Co.*, 160 N. Y. 178, 181). The plaintiff, as trustee of the mortgagor in bankruptcy, was vested with whatever title to property the bankrupt had at the time of its adjudication in bankruptcy and to property transferred by the bankrupt in fraud of the creditors of the bankrupt (U. S. Bankruptcy Act, July 1, 1898, ch. 541, § 70, as amd. 30 Stat. 565;

U. S. Code, tit. 11, § 110). As to property of the bankrupt in the custody of the bankruptcy court or coming into its custody, he was "deemed vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, * * * with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied" (Bankruptcy Act, § 47 as amd., 30 Stat. 557; U. S. Code, tit. 11, § 75). Only as to unlawful preferences and property fraudulently conveyed has the trustee any rights, in the interest of creditors, beyond those which the bankrupt itself could have enforced (*Bennett* v. *Ætna Ins. Co.*, 201 Mass. 554).

The judgment of foreclosure and sale was rendered in a court of competent jurisdiction both as to the parties and the subject-matter. The trial court applied the "fundamental doctrine that the integrity of judicial sales, regularly and lawfully conducted, must be upheld" and refused to set aside the sale. Unless reversed upon appeal or set aside in a direct attack, the judgment was final and conclusive upon the mortgagor and upon all those claiming under or through it. There is neither claim on the part of the trustee nor evidence that there was any fraud in connection with the making and delivery of the mortgage or in the foreclosure proceedings and the lower courts have so found. Since the judgment of foreclosure and sale was valid, binding and conclusive upon the mortgagor and there was neither evidence nor finding of fraud or unlawful preference, it is binding and conclusive upon its trustee. (*Stewart* v. *Platt*, 101 U. S. 731.) There is no foundation upon which the judgment appealed from can legally rest.

The judgments should be reversed and the complaint dismissed, with costs in all courts, and the question certified answered in the negative.

LEHMAN, Ch. J., LOUGHRAN, FINCH, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.