## In re JACOBY.

### Appeal of FREDERICKS.
### No. 8174.

Circuit Court of Appeals, Third Circuit.
Argued Jan. 8, 1943.
Decided Sept. 3, 1943.

---

William Elmer Brown, Jr., of Atlantic City, N. J., for appellant.

Myron Behr, of Jersey City, N. J., for appellee.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

On August 13, 1938, Andrew Jacoby was adjudicated a bankrupt. Murray Fredericks, his trustee, brought suit in the Court of Chancery of New Jersey against House of Jacoby, a corporation, for the return of assets of a tobacco business which Andrew Jacoby while insolvent had transferred in 1930 to House of Jacoby newly incorporated by him for that purpose. The Court of Chancery determined that the transfer was in fraud of creditors and entered a decree to that effect on March 5, 1940. It appointed a receiver to take possession of the assets pending the determination of an appeal from its decree to the New Jersey Court of Errors and Appeals. On April 24, 1940, House of Jacoby was adjudicated a bankrupt and Bernard A. Green was appointed its trustee. In December, 1940, the Chancery decree was affirmed. Fredericks v. Jacoby, 1940, 128 N.J.Eq. 426, 16 A.2d 809. The Chancery receiver then transferred possession of the assets to Fredericks.

On October 17, 1941, Green filed a petition in the Andrew Jacoby bankruptcy proceeding. He alleged therein that the assets which thus came into the possession of Fredericks amounted to approximately $11,000; that they were not the assets involved in the 1930 fraudulent conveyance which had been entirely consumed in the ordinary course of business but were assets which House of Jacoby had procured as a result of the extension of credit to it within a period of from one to three months prior to the Chancery decree; that the creditors acted in good faith in extending credit to House of Jacoby and in reliance upon its apparent assets; that claims for $37,000 were filed in the House of Jacoby bankruptcy proceeding among which claims was that of the United States for unpaid income taxes of $3,032.40, of the Unemployment Compensation Commission of the State of New Jersey for $82.19 and of the tax collector of the City of Atlantic City for taxes of $230.65, all three of which are lien claims; and that to deprive the creditors of House of Jacoby of their right to resort to the assets would create an inequitable windfall in favor of the creditors of Andrew Jacoby. Green prayed for an order directing Fredericks to turn over to him the assets which the latter had obtained as a result of the Chancery decree or in the alternative that the claims of the creditors of House of Jacoby be declared entitled to priority over the claims of the creditors of Andrew Jacoby in and to the said assets. Fredericks moved to strike and to dismiss the petition. This motion was denied by the referee and his order was affirmed on review by the District Court for the District of New Jersey. Fredericks thereupon took the present appeal.

The order of the district court must be reversed. Both the referee and the district judge based their action upon two legal propositions; the first that the creditors

of House of Jacoby were barred by the six months time limitation of Section 57, sub. n of the Bankruptcy Act from individually asserting in the Andrew Jacoby proceeding their claims against the assets received from House of Jacoby under the Chancery decree; and the second that Green as trustee in bankruptcy of House of Jacoby was entitled to assert in the Andrew Jacoby proceeding a claim to said assets in behalf of the creditors of House of Jacoby. Neither proposition can be sustained.

Section 57, sub. n, provides, with exceptions not here material, that "Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed." 11 U.S.C.A. § 93, sub. n. It is quite clear from other provisions of the Act that this limitation applies only to the proof of claims based upon debts owing by the bankrupt to the claimant which are provable against the bankrupt's estate. Thus Section 57, sub. a, provides that a proof of claim shall include a statement "that the claim is justly owing from the bankrupt to the creditor" 11. U.S.C.A. § 93, sub. a, and Section 63, sub. a, sets forth that "Debts of the bankrupt may be proved and allowed against his estate which are founded upon" the nine types of liability described in the section. 11 U.S.C.A. § 103, sub a. The limitation of Section 57, sub. n, does not refer to claims made solely against specific property in the possession of the bankrupt's trustee when those claims are adverse to the bankrupt and his estate and do not involve any liability on the part of the bankrupt or his estate generally. Nauman Co. v. Bradshaw, 8 Cir., 1912, 193 F. 350; In re Zimmermann, D.C., 1933, 4 F.Supp. 801, affirmed 2 Cir., 1933, 66 F.2d 397, certiorari denied, 1933, 290 U.S. 697, 54 S.Ct. 208, 78 L.Ed. 599.

The soundness of this conclusion is made especially apparent by a case such as this where the claims are made against property which was not in the bankrupt's possession at the time of bankruptcy and was not actually received by his trustee until after the time limitation of Section 57, sub. n had expired. In the present case Andrew Jacoby was adjudicated a bankrupt on August 13, 1938. The latest date, under Section 55, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 91 sub. a for the first meeting of creditors therefore was September 12, 1938, and we may accordingly assume[1] that the six months limitation upon the filing of creditors' claims in the Andrew Jacoby bankruptcy expired not later than March 12, 1939. Fredericks, however, did not secure the decree from the New Jersey Court of Chancery directing House of Jacoby to transfer the property here involved to him until March 5, 1940 and the decree was not affirmed and the property actually delivered to him until December of that year. Nor was House of Jacoby adjudicated a bankrupt until April 24th, of that year. It is obvious that prior to December, 1940 the creditors of House of Jacoby could not possibly have asserted their claims in the Andrew Jacoby proceeding for they were never creditors of Andrew Jacoby and his trustee had not until then secured possession of any property in which they might claim an interest. To hold that their right to assert their claims was barred by the Bankruptcy Act in March 1939, twenty-one months before the claims arose, would be to construe the act as denying them all possibility of ever asserting their claims. Such a construction is clearly inadmissible.

In a prior appeal in this bankruptcy proceeding which was taken before the Chancery decree had been affirmed and the property had been turned over to Fredericks we said: "If the decree of the Court of Chancery is affirmed and the assets of House of Jacoby came into the actual possession of Fredericks as trustee of Andrew Jacoby the rights of the creditors of House of Jacoby, if any, may be asserted and recognized in the Andrew Jacoby proceeding." 1940, 115 F.2d 973, 975. To this view we still adhere although we desire to make it clear that we intimate no opinion as to whether the creditors of House of Jacoby actually do have any rights in or to the transferred assets which they may successfully maintain as against the creditors of Andrew Jacoby. It would appear, however, that at least they are not concluded by the decree in the Chancery proceeding to which they were not parties,[2] especially since that decree expressly saves "Any rights, if any, which the said creditors of the said defendant, House of Jacoby, may have therein as the same may be hereafter determined by a court or courts of competent jurisdiction."

---

[1] See In re Magnet Oil Co., 9 Cir., 1941, 119 F.2d 260, 261.

[2] Compare Sampsell v. Imperial Paper & Color Corp., 1941, 313 U.S. 215, 61 S.Ct. 904, 85 L.Ed. 1293.

Green, as trustee in bankruptcy of House of Jacoby, is in a very different position, however. A trustee in bankruptcy is by virtue of the provisions of Section 70 sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. a, vested with the title of the bankrupt to all (1) documents relating to the bankrupt's property, (2) interests in patents, patent rights, copyrights, and trademarks, (3) powers which the bankrupt might have exercised for his own benefit, (4) property transferred by the bankrupt in fraud of his creditors, (5) property, including rights of action, which prior to the filing of the petition the bankrupt could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered, (6) rights of action arising upon contracts, or usury, or the unlawful taking or detention of or injury to the bankrupt's property, (7) contingent remainders, executory devises and limitations, rights of entry for condition broken, rights or possibilities of reverter, and like interests in real property, which were nonassignable prior to bankruptcy and which, within six months thereafter, become assignable interests or estates or give rise to powers in the bankrupt to acquire assignable interests or estates, and (8) property held by an assignee for the benefit of creditors appointed under an assignment which constituted an act of bankruptcy. 11 U.S.C.A. § 110, sub. a. In addition the trustee is empowered by Section 60, sub. b, to avoid preferential transfers made by the bankrupt to his creditors within four months before the filing of the petition, 11 U.S.C.A. § 96, sub. b.

■■ It will thus be seen that, except as to fraudulent or preferential transfers, the trustee takes no title to property which did not belong to the bankrupt at the time when the bankruptcy petition was filed.[3] It is true that the trustee is by Section 70, sub. c given the rights of a creditor holding a lien by legal or equitable proceedings as to property in the possession or under the control of the bankruptcy court and the rights of a judgment creditor holding an unsatisfied execution as to all other property, 11 U.S.C.A. § 110, sub. c. But it is clear that the property thus referred to in subdivision c of Section 70 includes only property of the bankrupt the title to which is vested in the trustee by the provisions of subdivision a of the section. It cannot refer to property belonging to a third party and in which the bankrupt has no interest, even though some or all of his creditors may have acquired rights therein because of the way in which the owner permitted the bankrupt to deal with the property.

■ In the case before us at the time of the filing of the House of Jacoby bankruptcy petition the title to the property here in question had been finally adjudged by the Court of Chancery of New Jersey to be in Fredericks, as trustee of Andrew Jacoby, and not in House of Jacoby. No fraudulent conveyance or preferential transfer by House of Jacoby was involved. Consequently Green, as trustee of House of Jacoby, acquired neither title to the property nor the right of an unsatisfied judgment creditor with respect to it. The decree of the Court of Chancery which barred House of Jacoby from claiming the property likewise barred Green, as its trustee in bankruptcy, from making a similar claim.[4] If the creditors of House of Jacoby or any of them, have rights in the property superior to Andrew Jacoby's creditors these rights are personal to the individual creditors concerned and must be enforced by them personally against the assets in the possession of Fredericks as holder of the legal title. Since the property is no part of the estate of House of Jacoby Green as trustee of the latter cannot represent its creditors in seeking to establish their individual rights thereto. It follows that Green's petition should have been dismissed.

The order of the district court is reversed and the cause is remanded with directions to dismiss the petition of Bernard A. Green, trustee in bankruptcy of House of Jacoby, filed October 17, 1941.

3 See 4 Collier on Bankruptcy, 14th Ed., § 70, pp. 967, 968; Clay v. Waters, 8 Cir., 1908, 161 F. 815; In re Brofer Coal & Mining Co., 7 Cir., 1925, 4 F.2d 353; In re Packard Press, Inc., 2 Cir., 1925, 5 F.2d 633; Kleinschmidt v. Schroeter, 9 Cir., 1938, 94 F.2d 707.

4 See Covey v. American Distilling Co., 7 Cir., 1943, 132 F.2d 453; Sanford v. Boland, 1942, 287 N.Y. 431, 40 N.E.2d 239; Martin v. New York Life Ins. Co., 7 Cir., 1939, 104 F.2d 573, 124 A.L.R. 1163, certiorari denied 1939, 308 U.S. 594, 60 S.Ct. 123, 84 L.Ed. 497; Bennett v. Ætna Ins. Co., 1909, 201 Mass. 554, 88 N.E. 335, 131 Am.St.Rep. 414.