AMERICAN SURETY CO. OF NEW
YORK v. BRUMMEL.

No. 4078.

United States Court of Appeals
Tenth Circuit.

Nov. 1, 1950.

George Stallwitz, Wichita, Kan. (W. F. Lilleston, Wichita, Kan., on the brief), for appellant.

Emmet A. Blaes, Wichita, Kan., (Robert G. Braden, Wichita, Kan., on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, United States Circuit Judges.

HUXMAN, Circuit Judge.

The sole question in this case is whether a claim for rentals due for equipment rented by a contractor and used in fulfillment of a construction contract falls within the provisions of a surety or payment bond given by a surety company to guarantee performance of the contract.

The condition of the bond is that, "* * * if the said principal or subcontractors of said principal shall pay all indebtedness incurred for supplies, material or labor furnished, used or consumed in connection with or in or about the construction or making of the above described improvement, this obligation shall be void, otherwise, it shall remain in full force and effect."

The facts are simple and not in dispute. One Floyd W. Silcott (not a party to this suit) entered into a contract with the City of Harper, Kansas, for construction work on the municipal airport. The contract was entitled "Specifications and Contract Documents." The project was supported by federal funds and "Specifications and Contract Documents" were more or less standard for this type of work. Silcott was required to furnish a payment bond. The appellant insurance company executed the bond. Silcott failed to pay the rental for the use of the equipment and the owner of the equipment instituted this action on the bond for the recovery of the amount due him from the contractor. The company has appealed from the judgment against it for the amount of these items.

The claim merged in the judgment consisted of three separate items—rentals, repairs, and the cost of transporting the equipment back to appellee's place of business in compliance with the rental agreement. The correctness of these items is not in question. The only question is whether they fall within the coverage of the bond.

Three assignments of error are urged for reversal. They are:

1. The court erred in concluding and holding that the contract in question is governed by the laws applicable to the Federal Airport Act, 49 U.S.C.A. § 1101 et seq. and not by the laws of the State of Kansas.

2. The court erred in concluding and holding that the items of rental, repairs and transportation sued on in the plaintiff's petition are lienable under the Kansas law.

3. The court erred in rendering judgment for the plaintiff and against this defendant.

We find nothing in the record indicating that the trial court predicated its judgment on the grounds set out in assignments one and two. No findings of fact or conclusions of law were made and no opinion is on file in this case. Neither does the court's judgment indicate the theory upon which judgment was rendered against appellant.

It has been held repeatedly that a correct judgment will not be disturbed on appeal merely because it is based upon an erroneous theory of law.[1] So, if the judgment is correct as a matter of law, it will not be disturbed because the ground upon which it is predicated does not appear in the record.

For the purpose of this opinion, we will assume that the legal liability under the bond

1. McCloskey v. Pacific Coast Co., 9 Cir., 160 F. 794; Wilson v. Wilson, 55 Colo. 70, 132 P. 67; Yangtsze Rapid S. S. Co. v. Deutsch-Asiatische Bank, 9 Cir., 59 F.2d 8; Parrott Estate Co. v. McLaughlin, 9 Cir., 89 F.2d 188.

is to be measured by Kansas law. It may also be assumed, without so deciding, that under the Kansas Lien Statute, G.S.Kan. 1935, 60-1401, rental items such as these are non-lienable items. In this posture of the case, we nonetheless conclude that the judgment must be affirmed.

In Shannon v. Abrams, 98 Kan. 26, 157 P. 449, the Kansas Supreme Court held that where the surety bond obligated the surety to pay for all labor and material and all other obligations or liabilities incurred in the doing of the work that it was liable for non-lienable, as well as lienable items. The effect of this decision is that a surety may obligate itself for claims other than those that are lienable items and may assume obligations greater than those required by the statutory lien bond.

■ The problem then is to construe the surety contract in order to determine the extent of the obligation thereunder. It is to be noted that the surety bond refers to the construction contract and by reference makes it a part of the bond. The specifications in turn are a part of the contract. So in order to determine the intent of the bond with respect to coverage, we must construe the bond, the contract and specifications together.[2] The specifications necessary to consider are Specifications 10-25, 30-05, and 10-43. So construed, we conclude appellant is obligated for the items in question.

Although it is not free from doubt, Specification 10-25 standing alone might be construed as defining a surety bond coextensive only with the Kansas Surety Lien Law, G. S.Kan.1935, 60-1413, requirements. But it does not stand alone. As stated, these specifications are more or less standard and are perhaps generally used in construction projects in which federal funds are involved. This is conceded by appellant in its brief. Specification 10-25 defines a payment bond as: "The approved form of security furnished by the Contractor and his surety as a guarantee that he will pay in full all bills and accounts for materials

and labor used in the construction of the work, as provided by law."

No doubt this Specification was intended to define a statutory payment bond, or in other words the minimum requirements of a payment bond. But that it was not intended to measure the liability of the surety under this bond is indicated by Specifications numbered 30-05 and 10-43. Specification 30-05 particularizes the requirements of the payment bond in question and specifically provides that it must guarantee "the payment of all labor, materials, rentals, etc." This construction also finds support in Specification 10-43 which defines a surety as the party who engages "to be responsible for the entire and satisfactory fulfillment of the contract and for the payment of all lawful debts incurred in fulfilling the contract."

■ We think the bond in question falls squarely within the Abrams case, supra, and that appellant was thereby required to pay all the claims, whether lienable or otherwise, incurred by the contractor under his construction contract.

Affirmed.

**2.** See American National Bank of Hutchinson v. Central Const. Co., 160 Kan. 400, 163 P.2d 369, 372; Haynes Hardware Co. v. Western Casualty and Surety Co., 156 Kan. 356, 133 P.2d 574; Cooke v. Luscombe, 132 Kan. 147, 291 P. 849.