217 F.2d 262
 FIRST NATIONAL BANK IN WICHITA, Appellant,
v.
Frank LUTHER, Trustee in Bankruptcy of Garden Grain & Seed
Co., Inc., Bankrupt, Appellee.
In the Matter of GARDEN GRAIN & SEED CO., Inc., Bankrupt.
 No. 4921.
 United States Court of Appeals Tenth Circuit.
 Oct. 27, 1954.
Rehearing Denied Jan. 3, 1955.
 
 Ralph M. Hope, Wichita, Kan. (W. F. Lilleston, George C. Spradling, Henry V. Gott, George Stallwitz and Richard W. Stavely, Wichita, Kan., were with him on the brief), for appellant.
 Malcolm Miller, Wichita, Kan., for appellee.
 Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.
 BRATTON, Circuit Judge.
 
 
 1
 This appeal requires us to determine another controversy arising in the course of the Garden Grain & Seed Company bankruptcy proceeding. The first National Bank in Wichita, Kansas, filed in the proceeding a petition on reclamation. It was pleaded in such petition that the bank made a loan of $50,000 to the bankrupt and took therefor a promissory note in that amount and a pledge by warehouse receipt of 62,000 bushels of milo maize. The bank sought to reclaim the grain pledged to it, and in the event reclamation could not be had then the allowance of a secured claim. The referee denied reclamation, denied a secured claim, and allowed a common claim for the full amount of the note together with interest. Thereafter, the bank filed in the proceeding a second, separate and distinct petition. By that pleading, it sought to impress a constructive trust upon a certain fund. It was alleged in such petition that the bankrupt borrowed from the bank $50,000 and executed therefor its note in that amount; that as security for such loan, the bankrupt pledged to the bank 62,000 bushels of milo maize; that the loan was obtained through fraud and misrepresentation on the part of the bankrupt in respect to its ownership of the grain pledged and in respect to its financial condition; that the purpose for which the bankrupt borrowed the money was to repay to the Interstate National Bank of Kansas City, Missouri, a loan evidenced by a then past due promissory note; that immediately after receiving the money, the bankrupt used it to pay the debt due the Interstate National Bank; that at the time it made the loan, the petitioning bank did not know that the money was to be used for such purpose; that subsequent to the filing of the original petition and claim, the trustee filed in the proceeding a pleading in which it was charged that the payment to the Interstate National Bank constituted a voidable preference; that a hearing was had on such claim of the trustee; and that the referee thereafter determined that such payment did constitute a voidable preference and that the trustee should recover from Interstate National Bank the amount thereof. And it was further pleaded that such sum of $50,000 recovered by the trustee constituted a trust fund for the benefit of the bank; that to permit the trustee to retain such fund would constitute unjust enrichment of the bankrupt estate; and that by virtue of the premises, the bank was entitled to recover such sum from the trustee. The prayer was that an order be entered directing that out of the proceeds recovered by the trustee from the Interstate National Bank, the sum of $50,000 be paid to the petitioning bank, and for such other and further relief as was just. The trustee filed a motion to dismiss the petition. The first ground in the motion was that the pleading was not filed within the time fixed in the Bankruptcy Act for the filing of claims against a bankrupt estate. The second ground was that the records of the court showed conclusively that the transaction out of which the then present petition arose had been adjudicated by the court, and that the judgment constituted res judicata. And the third ground was that the facts set out in the petition, in the answer, in the stipulation, in the prior claim, and in the order denying the prior claim disclosed that the relationship between the bankrupt and the bank was that of debtor and creditor; and that no trust could arise therefrom as to any specific funds, including funds recovered by the trustee from the Interstate National Bank. The referee dismissed the petition on the first and second grounds set forth in the motion. On petition to review, the district court entered judgment sustaining in all respects the order of the referee. And the bank appealed.
 
 
 2
 Section 57, sub. n of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. n, provides in presently pertinent part that claims which are not filed within six months after the date set for the first meeting of creditors shall not be allowed. The petition now under consideration was not filed within that time. But the statute is confined in its application to claims or like pleadings filed in which the relationship between the claimant or petitioner and the bankrupt is that of debtor and creditor. Persons asserting claims of that kind are creditors within the contemplation of the statute. The pleading filed by the bank was not a claim of that kind. Instead, it was a petition in equity for the establishment and enforcement of a constructive trust upon a specific fund in the hands of the trustee. And a pleading of that nature is not a claim which the statute requires to be filed within six months after the date set for the first meeting of the creditors. Nauman Co. v. Bradshaw, 8 Cir., 193 F. 350; Bowman v. MacPherson, 10 Cir., 93 F.2d 318; In re Jacoby, 3 Cir., 138 F.2d 42.
 
 
 3
 The next question is whether the petition of the bank for the establishment of a constructive trust upon a specific fund was providently dismissed upon the ground that the earlier order of the referee denying reclamation, denying a secured claim, and allowing a common claim constituted res judicata of the rights asserted in such petition. The general principles of res judicata and estoppel by judgment have been blueprinted but making appropriate application of them is sometimes vexatious and difficult. It is the general rule that where a second suit between the same parties, or their privies, is on the same cause of action, the final judgment in the prior action is conclusive as to all matters which were actually litigated and as to every issue, claim, or defense which might have been presented; and that where the later suit is upon a different cause of action, the judgment in the former operates as an estoppel only in respect to issues and questions which were actually litigated and determined. Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195; United States v. Munsingwear, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36; United States v. International Building Co., 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182; United States v. Sinclair Refining Co., 10 Cir., 126 F.2d 827; Happy Elevator No. 2 v. Osage Construction Co., 10 Cir., 209 F.2d 459.
 
 
 4
 In its first petition filed in the proceeding, the bank sought primarily to reclaim and recover certain grain which had been pledged to it. It sought in the alternative a secured claim. It did not plead directly or indirectly any right in the nature of a constructive trust upon any grain or the proceeds therefrom. In its second pleading, the bank sought solely and exclusively to impress a constructive trust upon a specific fund. It did not seek to reclaim any grain. Neither did it assert any right to a secured claim. And there was no direct connection between the grain pledged and the specific fund upon which the trust was asserted. The two pleadings presented different claims, rights, or causes of action; and therefore the order entered upon the first did not constitute res judicata as to the latter.
 
 
 5
 The order of the referee-- affirmed by the district court-- did not predicate the dismissal of the petition upon the ground that by pressing to final conclusion the earlier petition for reclamation or in the alternative for a secured claim the bank exercised an election of remedies which precluded it from subsequently seeking to impress a constructive trust upon the specific fund. The referee gave other reasons for the dismissal of the petition. But it is consistently held that an order or judgment which is correct in ultimate effect will not be disturbed on appeal even though the lower tribunal relied upon a wrong ground or gave an untenable reason for its action. The issue on appeal is the correctness in ultimate effect of an order or judgment, not the reason or reasons given therefor by the trial court. And if an order or judgment is sustainable upon any legal basis, it will be upheld on appeal despite the erroneous or untenable reasons given by the trial court or lower tribunal for its entry. Helvering v. Gowran, 302 U.S. 238, 58 S.Ct. 154, 82 L.Ed. 224; J. E. Riley Investment Co. v. Commissioner, 311 U.S. 55, 61 S.Ct. 95, 85 L.Ed. 36; Jay v. Chicago Bridge & Iron Co., 10 Cir., 150 F.2d 247; American Surety Company of New York v. Brummel, 10 Cir., 184 F.2d 935; Kanatser v. Chrysler Corp., 10 Cir., 199 F.2d 610, certiorari denied, 344 U.S. 921, 73 S.Ct. 388, 97 L.Ed. 710.
 
 
 6
 Where two modes of redress are available in a given situation but are so inconsistent that the assertion of one amounts to a negation of the other, the deliberate choice of one, with knowledge or means of knowledge of such facts as would authorize resort to each, precludes the invoking of the other. Robb v. Vos, 155 U.S. 13, 41, 15 S.Ct. 4, 39 L.Ed. 52; United States v. Oregon Lumber Co., 260 U.S. 290, 43 S.Ct. 100, 67 L.Ed 261. The two petitions or pleadings filed by the bank were predicated upon the same transaction between the bank and the bankrupt. The first was bottomed upon the relationship of debtor and creditor. The claim or cause of action pleaded was that of a creditor with pledged property as collateral security for the debt; and the right asserted was that of reclamation, or in the alternative a secured claim. Personal liability of the bankrupt was an essential element of the claim. No relationship of trustee and cestui que trust was pleaded and no trust estate was involved, directly or indirectly. The second petition or pleading was bottomed solely and exclusively upon the relationship of trustee and cestui que trust between the bank and the trustee. The existence of a trust estate consisting of a specific fund was pleaded and a right thereto was asserted. No right of reclamation of grain was averred and no claim, secured or common, against the bankrupt estate generally was asserted. The two claims or causes were so completely inconsistent that the deliberate assertion of the former, with knowledge or means of knowledge of such facts as would authorize resort to each, constituted an election of remedies which precluded the invoking of the latter.
 
 
 7
 Knowledge or means of knowledge of such facts as would authorize resort to each of two available but inconsistent modes of redress is essential to the exertion of a binding election of remedies. Inasmuch as the petition of the bank was dismissed on motion of the trustee, all facts well pleaded in the petition must be treated as true. It was alleged in such petition that at the time of the making of the loan the bank did not know that the money being loaned to the bankrupt was to be used in paying a past due debt to the Interstate National Bank. But it was not alleged that the bank did not know such facts at the time of the filing of the first claim or petition or at any other time prior to the entry of the order denying reclamation, denying a secured claim, and allowing a common claim. On the contrary, before that order was entered the bank did know that false representations had been made to it. It did know that the trustee was asserting in the bankruptcy proceeding that the payment to the Interstate National Bank constituted a voidable preference. It did know that the trustee was affirmatively seeking to recover for the benefit of the bankrupt estate the money which the bankrupt had paid to that bank. And after learning such facts, it did not seek to dismiss or amend the claim. Neither did it ask the court to defer action thereon until its right in and to the trust fund if and when recovered could be appropriately presented and determined. It did not veer to the left or the right. It dontinued without interruption the submission and pendency of such claim before the referee for final action. The referee entered the order denying reclamation, denying a secured claim, and allowing a common claim. The bank did not seek review of the order or subsequently ask that it be vacated. Instead, it acquiesced therein. The order remains intact and has become final. And, should dividends be declared, the bank would be entitled to share pro rata therein unless in the meantime the order should be vacated or set aside. When the bank, with knowledge or means of knowledge of such facts as would authorize resort to each of the two available but inconsistent remedies, elected to accept and acquiesce in the order allowing it a common claim and thereafter failed to take any steps to have such order vacated or set aside, it foreclosed itself from now claiming or asserting a constructive trust upon the fund to which reference has been made. Williams v. Barnes, 5 Cir., 63 F.2d 722.
 
 
 8
 The judgment of the district court affirming the order of the referee is
 
 
 9
 Affirmed.
 
 
 10
 HUXMAN, Circuit Judge, concurs in the result.