**In the Matter of GONDOLA ASSOCI-ATES, Inc., Bankrupt.**

**No. 51836.**

United States District Court
E. D. New York.

June 22, 1955.

Levin & Weintraub, New York City, for trustee, by Howard N. Beldock, New York City, of counsel.

Edward J. McCann, Brooklyn, N. Y., for mortgagee.

BYERS, District Judge.

This is a petition to review the decision of a referee in bankruptcy which upholds the trustee in his application to have declared invalid a chattel mortgage given by the bankrupt on February 24, 1953 which was not filed until June 9, 1953.

 The decision is:

(a) That filing was not had within the reasonable time ordained by Section 230 of the New York Lien Law, McK.Consol. Laws N.Y. c. 33. The decisions cited sustain that view.

(b) That the trustee must succeed even though there is no showing that there were creditors of the bankrupt who could have attacked the mortgage on its actual filing date.

The bankruptcy dates back to August 27, 1954, over a year later than June 9, 1953.

The referee deemed himself bound by the decision of Constance v. Harvey, 2 Cir., 215 F.2d 571 at page 575 to the effect that the trustee occupies the position of an " 'ideal' hypothetical creditor" and therefore must succeed, whether or not in fact there was in existence any such individual to attack the chattel mortgage. The result here reached seems incongruous: a state statute enacted to protect creditors who are such at a given date is held to operate in favor of a trustee in bankruptcy who really stands in empty shoes, for he occupies a space which does not exist, since there is no creditor who might enforce the right which he asserts.

 This seems not to accord with the views expounded in Sanford v. Boland, 287 N.Y. 431, 40 N.E.2d 239, to which resort may be properly had in the construction of the statute in question (*Section 230 of the New York Lien Law*).

I find it difficult to reconcile the present decision with the equitable purposes of the Bankruptcy Act, but agree with the referee that the opinion in the Constance case seems to compel such a re-

sult; until a possible reconsideration of the subject by a reviewing court, the present duty is clear to deny the petition to review.

Settle order.